UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUEEN MOTHER HOPE A. YZRYAHL *of the
Coalition Of Indigenous Peoples – High
Concil (COIP-HC)*,

                    Plaintiff,

      -against-

PATRICIA FIGUCCIO, *et al.*,

                    Defendants.
------------------------------------------------------------------X

**ORDER**

2:25-cv-00474 (SJB) (JMW)

**WICKS,** Magistrate Judge:

Before the Court is Defendant Nassau County Department of Social Services Support Collection Unit's ("DSS") motion for a stay of discovery (ECF No. 15) pending resolution of its anticipated motion to dismiss (ECF No. 10), which is before the Hon. Sanket J. Bulsara.[1] Plaintiff has not opposed the motion for a stay.[2] For the reasons below, the Court concludes a stay of discovery is warranted, and thus Defendant's motion (ECF No. 15) is **GRANTED**.

                I.      BACKGROUND

The factual background is gleaned from the Complaint (ECF No. 1), Defendant DSS's pre-motion letter for its anticipated motion to dismiss (ECF No. 10) and DSS's motion for a stay. (ECF No. 15.)

---

[1] Though a letter for a pre-motion conference on the anticipated motion to dismiss has been filed by DSS (ECF No. 10), the Court has not yet scheduled the pre-motion conference. To date, Plaintiff has failed to respond to the pre-motion letter application notwithstanding Judge Bulsara's extensions of the time for her to do so until April 21, 2025. (Electronic Order dated 4/7/2025.)

[2] Plaintiff was afforded ample opportunity to file opposition to the motion to stay. (*See* Electronic Order dated 4/4/2025 (setting April 14, 2025 as date for opposition); *see also* Electronic Order dated 4/8/2025 (mailing copies of the relevant Court documents to Plaintiff)).

Plaintiff generally alleges that Defendant Child Support Collections Agency, "through their misfeasance has misappropriated funds issued by our Ecclesiastic Tribal Trust Consortium to pay for the maintenance of Child Support for the Beneficiary of the Trust created by our Tribal Elder and Medicine Man, Reverend Dr. Bill Akpinar." (ECF No. 1 at p. 2.) She further alleges that "after Rev. Dr. Bill signed the coerced Stipulation Agreement for Child Support, the Managing Director of said Trust was forced to send the following payments to Defendant [Department of Social Services Support ("DSS")] by Order of the Family Court to begin on September 1, 2022." (*Id.* at ¶ 19.) Plaintiff next alleges that DSS "lost" two of the child support payments which "caused us to send another two (2) payments to keep current with the Child Support Stipulation. . . ." (*Id.* at ¶ 20.) Plaintiff concludes that "Defendant Nassau County Collection Unit's misappropriation of funds paid to them . . . is an inexplicable act of misfeasance because the sole duty of this Defendant is to allocate the disbursement of funds paid to their agency. . . ." (*Id.* at ¶ 37.) The Complaint meanders through a rather complex web of a scheme that alleges "fraud upon the court" (Count I), and "malfeasance" (Count II), seeking damages, injunctive relief, rescission and a declaration. (*See id.* at pp. 17-21).

On March 18, 2025, Defendant DSS filed a pre-motion letter in anticipation of filing a motion to dismiss, seeking dismissal for, *inter alia*, lack of standing, lack of subject matter jurisdiction and failure to state a claim. (*See* ECF No. 10 at pp. 4-5.) Following that filing, Defendant DSS filed the instant motion for a stay of discovery. (ECF No. 15)

## II.    LEGAL FRAMEWORK

"'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Thomas v. N.Y. City Dep't of Educ.*, No. 09-CV-5167, 2010 WL

3709923, at *2 (E.D.N.Y. Sept. 14, 2010) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). The mere filing of a dispositive motion, in and of itself, does not halt discovery obligations in federal court. That is, a stay of discovery is not warranted, without more, by the mere pendency of a dispositive motion. *Weitzner v. Sciton, Inc.*, No. CV 2005-2533, 2006 WL 3827422, at *1 (E.D.N.Y. Dec. 27, 2006). Rather, the moving party must make a showing of "good cause" to warrant a stay of discovery. *Chesney v. Valley Stream Union Free Sch. Dist. No. 24*, 236 F.R.D. 113, 115 (E.D.N.Y. 2006). In evaluating whether a stay of discovery pending resolution of a motion to dismiss is appropriate, courts consider: "(1) whether the defendant has made a strong showing that the plaintiff's claim is unmeritorious; (2) the breadth of discovery and the burden of responding to it; and (3) the risk of unfair prejudice to the party opposing the stay." *Id.* (citation omitted). In addition, consideration of the nature and complexity of the action, whether *some* or *all* defendants joined in the request for a stay, as well as the posture or stage of the litigation. *Id.* (citation omitted). It is against this backdrop that the Court considers the present application.

### III. DISCUSSION

#### A. Whether Defendant Has Made a Strong Showing That Plaintiff's Claims Are Unmeritorious

Perhaps this prong is the most important consideration in determining whether a stay should be granted. Defendant asserts that the stay ought to be granted because the entirety of Plaintiff's Complaint is subject to dismissal with prejudice on various grounds.[3] Having reviewed the Complaint and the arguments set forth in DSS's motion for a stay, it is palpable that Plaintiff's claims are unmeritorious on their face. At bottom, Plaintiff alleges that money was

---

[3] Defendant DSS seeks dismissal for Plaintiff's lack of standing, the Court's lack of subject matter jurisdiction over the claims, the inability of DSS to be sued as an administrative arm of Nassau County, and failure to state a claim upon which relief can be granted. (*See* ECF No. 15.)

3

deposited with the Child Support Enforcement Unit and that such funds were not disbursed to Ms. Figuccio. These threadbare allegations, accompanied by allegations of fraud and malfeasance, simply fail to state a claim for relief. In short, there are not "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), let alone facts pled with the requisite particularity necessary for a showing of fraud. *See* Fed. R. Civ. P. 9(b). Before even reaching the merits of the claims, however, the Complaint fails to establish the necessary predicate for federal jurisdiction considering no federal claim is pleaded, and there is not diversity of citizenship between the parties. Therefore, it appears that the Complaint would likely be dismissed for lack of subject matter jurisdiction. *See* 28 U.S.C. §§ 1331, 1332.

### B. Breadth of Discovery and the Corresponding Burdens

Having reviewed the Complaint, it is hard to discern with any degree of accuracy the breadth and burdens of discovery. Indeed, efficiently charting the scope and course of discovery under the existing enigmatic pleading would be difficult. At the least, it would involve discovery of the DSS, employees, attorneys, possibly invocation of attorney client privilege issues to say the least.

### C. Risk of Unfair Prejudice if Stay is Granted to the Party Opposing the Stay

It appears at this nascent stage that there would be little or no prejudice if discovery were stayed pending the decision on the motion to dismiss. None has been identified by the parties.

### IV.   CONCLUSION

For the foregoing reasons, Defendant Nassau County Department of Social Services Support Collection Unit's Motion to Stay (ECF No. 15) is **GRANTED**. In the event the

underlying motion to dismiss is denied in any respect, the parties shall file a proposed discovery schedule within 10 days of Judge Bulsara's decision on the motion.

Dated: Central Islip, New York
April 17, 2025

SO ORDERED:

/s/ *James M. Wicks*
JAMES M. WICKS
United States Magistrate Judge