UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
QUEEN MOTHER HOPE A. YZRYAHL *of the
Coalition Of Indigenous Peoples – High
Council (COIP-HC)*,

               Plaintiff,

    -against-

PATRICIA FIGUCCIO, *et al.*,

               Defendants.
------------------------------------------------------------------X

**ORDER**

2:25-cv-00474 (SJB) (JMW)

**WICKS,** Magistrate Judge:

Before the Court is Defendant John A. Gemelli's ("Gemelli") motion to set aside an entry of default pursuant to Rule 55(c). (ECF No. 48.) Plaintiff has not opposed the motion despite being afforded the opportunity to do so. (*See* Electronic Order dated July 9, 2025.) For the following reasons, Gemelli's motion to set aside default (ECF No. 48) is **GRANTED**.

## BACKGROUND

The factual background is gleaned from the Complaint (ECF No. 1) and Defendant's Motion to Set Aside Default (ECF No. 48.)

Plaintiff generally alleges that Defendant Child Support Collections Agency, "through their misfeasance has misappropriated funds issued by our Ecclesiastic Tribal Trust Consortium to pay for the maintenance of Child Support for the Beneficiary of the Trust created by our Tribal Elder and Medicine Man, Reverend Dr. Bill Akpinar." (ECF No. 1 at p. 2.) She further alleges that "after Rev. Dr. Bill signed the coerced Stipulation Agreement for Child Support, the Managing Director of said Trust was forced to send the following payments to Defendant [Department of Social Services Support ("DSS")] by Order of the Family Court to begin on

1

September 1, 2022." (*Id.* at ¶ 19.) Plaintiff next alleges that DSS "lost" two of the child support payments which "caused us to send another two (2) payments to keep current with the Child Support Stipulation. . . ." (*Id.* at ¶ 20.) Plaintiff concludes that "Defendant Nassau County Collection Unit's misappropriation of funds paid to them . . . is an inexplicable act of misfeasance because the sole duty of this Defendant is to allocate the disbursement of funds paid to their agency. . . ." (*Id.* at ¶ 37.) The Complaint meanders through a rather complex web of a scheme that alleges "fraud upon the court" (Count I), and "malfeasance" (Count II), seeking damages, injunctive relief, rescission and a declaration. (*See id.* at pp. 17-21).

On February 11, 2025, Gemelli was served with a Summons and Complaint and his answer was due on March 4, 2025. (ECF No. 12.) Following no answer or response to the Complaint being filed by Gemelli, a Clerk's Entry of Default was entered against Gemelli on April 18, 2025 pursuant to Rule 55a of the Federal Rules of Civil Procedure. (ECF No. 27.) Nearly two months later, Gemelli appeared in this action on June 20, 2025. (ECF No. 43.)

On July 7, 2025, Gemelli filed his motion to set aside default requesting that this Court vacate the Certificate of Default entered against him on April 18, 2025. (ECF No. 48.) The next day, the Honorable Sanket J. Bulsara referred Gemelli's motion to the undersigned for decision. (Electronic Order dated July 8, 2025.) The undersigned subsequently acknowledged receipt of Gemelli's motion and set July 22, 2025 for the deadline for any opposition. (Electronic Order dated July 9, 2025.) These orders were served upon *pro se* Plaintiff at her last known addresses, namely 43 Glen Cove Road Suite 141 Greenvale NY 11548, 801 Danner Drive Bluffton SC 29909, and 198 Oaktie Village Drive Suite 103 Mailstop 148 Bluffton SC 29909.[1]  To date, no opposition has been filed.

---

[1] Plaintiff filed a notice for a change in address on July 17, 2025, establishing her address as 198 Oaktie Village Drive Suite 103 Mailstop 148 Bluffton SC 29909. (ECF No. 52.)

2

## **LEGAL FRAMEWORK**

Motions to set aside entries of default are governed by the Federal Rule of Civil Procedure 55. Rule 55(a) provides "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend . . . the clerk shall enter the party's default." Fed. R. Civ. P. 55(a). Once a default is entered by the Clerk, "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Because Rule 55(c) provides no definition for "good cause," the Second Circuit has established "three criteria that must be assessed in order to decide whether to relieve a party" from default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Grp. v. Diakuhara,* 10 F.3d 90, 97 (2d Cir. 1993). The Court may choose to consider relevant equitable factors such as "whether the failure to follow a rule of procedure was a mistake made in good faith" or "whether the entry of default would bring about a harsh or unfair result." *Id.* Such discretion is left to courts "because it is in the best position to address the individual circumstances of a given case and to evaluate the credibility and good faith of the parties." *Id.* at 95.

Rule 55(c) provides a more lenient standard than what is to be applied under a motion to set aside default judgment under Rule 60(b). *See Meehan v. Snow*, 652 F.2d 274, 276 (2d Cir. 1981) ("[T]he standard for setting aside the entry of a default judgment pursuant to Rule 55(c) is less rigorous than the 'excusable neglect' standard for setting aside a default judgment by motion pursuant to Rule 60(b)."). Indeed, courts overwhelmingly have "a strong preference 'for resolving disputes on the merits,' and refusal to set aside default is an 'extreme measure [that] should be reserved by a trial court as a final, not a first, sanction imposed on a litigant.' Thus, any doubt 'as to whether a default should be granted or vacated' must be 'resolved in favor of the

defaulting party.'" *Martinez v. Feliks & Son Storage Tank Corp.*, 21-CV-03613 (GRB) (JMW), 2022 WL 18859073, at *2 (E.D.N.Y. Nov. 1, 2022) (quoting *Enron Oil Corp.*, 10 F.3d at 96). It is under this framework that the undersigned analyze Defendant Gemelli's motion.

## DISCUSSION

### i. *Willfulness*

To determine whether a default was willful, courts must evaluate the presence of "bad faith, or at least something more than mere negligence, before rejecting a claim of excusable neglect based on an attorney's or a litigant's error." *Winward Bora LLC v. Armstrong,* No. 19-CV6355 (SJ)(SJB), 2021 WL 606713, at *3 (E.D.N.Y. Feb. 16, 2021) (quoting *Am. Alliance Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 60 (2d Cir. 1996)). Specifically, "willfulness requires something more than mere negligence, such as egregious or deliberate conduct, although the degree of negligence in precipitating a default is a relevant factor to be considered." *Odfjell Seachem A/S v. Cont'l De Petrols Et Inv.*, 613 F. Supp. 2d 497, 500 (S.D.N.Y. 2009) (citations and internal quotation marks omitted); *see Loop Production v. Capital Connections LLC*, 797 F. Supp. 2d 338, 346 (S.D.N.Y. 2011) (finding conduct was sufficiently deliberate to be considered willful when defendants did not respond after being properly served, having received electronic notices, and following defendant's attorney sending three letters advising defendant that failure to respond would result in plaintiff moving for a default).

Upon learning of the action against himself outside of the divorce action he was litigating, Gemelli maintains that he promptly moved to hire personal counsel and seek to set aside the default. (ECF No. 48-3 at 13.) Courts have determined that "such prompt response counters an allegation of willfulness." *Llolla v. Karen Gardens Apartment Corp.*, 12-CV-1356 (MKB) (JO), 2016 WL 233665, at *3 (E.D.N.Y. Jan. 20, 2016); *Enron Oil Corp.*, 10 F.3d at 98

4

(holding defendant's immediate response after finally receiving a copy of the pleading demonstrated "clear[ly] that he was not willing to forfeit his rights").

Additionally, Gemelli argues he did not understand he had been served by the Court when he "received papers in the mail in an unmarked envelope" and "[n]o attempt at personal service was ever made[.]" (ECF No. 48-1 at p. 3.) Indeed, Gemelli believed the papers served upon him were yet "another part of the scheme to frustrate the divorce proceedings" Plaintiff has been attempting to intercede in involving Gemelli's client, Ayse Akpinar. (ECF No. 48-1 at ¶¶ 6, 8; ECF No. 48-3 at p. 5.) These prior, allegedly fraudulent and frivolous filings in the separate divorce proceeding underlying Gemelli's mistaken belief for not appearing in this action will ordinarily not amount to willfulness on Gemelli's part. *See Gil v. Frantzis*, No. 17-cv-1520-ARR-SJB, 2019 WL 5694074, at *8-10 (concluding defendants' default was not willful where she "did not recognize that the papers she received . . . were separate and distinct from those" pertaining to a related administrative proceeding).

Accordingly, this factor weighs in favor of granting Gemelli's motion.

ii. *Prejudice to the Plaintiff*

Prejudice is considered to occur when setting aside default would "thwart plaintiff's recovery or remedy." *PMJ Capital Corp. v. Bauco*, 333 F.R.D 309, 313 (S.D.N.Y. 2009) (quoting *New York v. Green,* 420 F.3d 99, 110 (2d Cir. 2005) (internal quotation marks omitted)). Plainly, "a plaintiff must show the loss of evidence, increased difficulties of discovery, or greater opportunity and collusion—circumstances that make it more difficult for plaintiff to prosecute its case." *Winward Bora*, 2021 WL 606713, at *3 (quotation marks omitted) (citation omitted).

5

Gemelli argues that Plaintiff will not be prejudiced if the instant motion is granted, namely because "[t]here has been no loss of evidence, no substantial reliance, and no change in litigation posture that would impair Plaintiff's ability to prosecute her case." *Id.* Here, the case is still in its nascent stage, no meaningful discovery has taken place, and setting aside the default as to one of the five defendants Plaintiff commenced this action against would not impair her ability to prosecute her case.[2] Courts in this Circuit find these circumstances do not result in prejudice to a plaintiff. *See Oscillosco Pictures, Inc. v. Monbo*, No. 17-CV-7458 (MKB) (ST), 2019 WL 2435644, at *8 (E.D.N.Y. Mar. 25, 2019) (collecting cases where no argument was made that a delay resulted in discovery difficulties, loss of evidence, or "any other cognizable harm"); *see also Smith v. Campbell*, No. 11-CV-540A, 2011 WL 4498797, at *6 (W.D.N.Y. Sept. 27, 2011).

Accordingly, this factor weighs in favor of granting Gemelli's motion.

    *iii.*    <u>*Meritorious Defenses*</u>

Finally, the Court must examine whether there is a meritorious defense presented. *See Enron Oil Grp.*, 10 F.3d at 98. An available meritorious defense which would warrant a motion to set aside default under the meaning of Rule 55(c) is triggered by "even a hint of a suggestion which, if proven at trial, would constitute a complete defense" is sufficient. *Freedom Mortgage Corp. v. Bullock*, 19-CV-664 (NGG) (SJB), 2022 WL 4445399, at *4 (E.D.N.Y. Sept. 23, 2022) (quoting *Weisel v. Pischel*, 197 F.R.D. 231, 239 (E.D.N.Y. 2000). A defendant need not "conclusively establish" the validity of the defenses in order to satisfy this third prong. *See Bergman v. Kids By the Bunch Too, Ltd.*, No. 14-cv-5005 (DRH) (SIL), 2018 WL 1402249, at *6 (E.D.N.Y. Feb. 16, 2018), *report and recommendation adopted*, 2018 WL 1401324 (E.D.N.Y.

---

[2] According to the Scheduling Order entered following the Initial Conference before the undersigned, the completion of all fact discovery is set to conclude on September 1, 2025. (*See* ECF No. 17.)

6

Mar. 20, 2018). Here, Gemelli lists numerous legally cognizable defenses including, *inter alia*, lack of standing, failure to state a claim, and improper use of tribal authority. (*See* ECF No. 48-3 at pp. 14-19.)

For example, for a plaintiff to demonstrate it has standing to bring a lawsuit, plaintiff "must show (i) that [the plaintiff] suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. at 423 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. at 560–61). "To establish injury in fact, a plaintiff must show that he or she suffered 'an invasion of a legally protected interest' that is 'concrete and particularized' and 'actual or imminent, not conjectural or hypothetical.'" *Spokeo*, 578 U.S. at 339 (quoting *Lujan*, 504 U.S. at 560). A plaintiff bears the burden of "alleging facts that affirmatively and plausibly suggest that they have standing to sue." *Liberian Cmty. Ass'n of Conn. v. Lamont*, 970 F.3d 174, 184 (2d Cir. 2020) (cleaned up) (citation omitted). Where a plaintiff fails to satisfy this burden, a court may dismiss the action against the party the court lacks standing over pursuant to Federal Rule of Civil Procedure 12(b)(1). *Conn. Citizens Def., League, Inc. v. Thody*, 2024 WL 177707, at *2 (2d Cir. Jan. 17, 2024).

Like here, when considering a *pro se* complaint, the Court must interpret the pleading to raise the strongest claim plausibly suggested by the allegations. *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 RRM LB, 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted) ("The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.") "However, mere conclusions of law or unwarranted deductions need not be accepted." *Id.* (internal quotation marks omitted.) Notably, with *pro se* complaints, "'threadbare recitals of the

7

elements of a cause of action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sept. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, *pro se* Plaintiff fails to identify, let alone plausibly assert, any injury she suffered, but rather points to injuries suffered by other entities, like the Ecclesiastic Tribunal Trust Consortium. (*See* ECF No. 1 at pp. 2-4.) Additionally, *pro se* Plaintiff has not demonstrated that she personally suffered a concrete injury likely caused by Gemelli that is "particularized, and actual or imminent" through a matrimonial action that neither she nor Gemelli is a party of. *See TransUnion*, 594 U.S. at 423.

Further, Gemelli argues Plaintiff has failed to state a claim. (ECF No. 48-3 at 17.) To survive a motion to dismiss under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is properly dismissed where, as a matter of law, "the allegations in a complaint, however true, could not raise a claim of entitlement to relief." *Twombly*, 550 U.S. at 558. Indeed, a pleading that offers only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. More is required. Indeed, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Id.* ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action.")

8

When considering a *pro se* complaint, the Court must interpret the pleading to raise the strongest claim plausibly suggested by the allegations. *Rosen v. N. Shore Towers Apartments, Inc.*, No. 11-CV-00752 RRM LB, 2011 WL 2550733, at *3 (E.D.N.Y. June 27, 2011); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994) (citations omitted) ("The submissions of a *pro se* litigant should be interpreted to raise the strongest arguments that they suggest.") Notably, with *pro se* complaints, "'threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice,' and district courts 'cannot invent factual allegations' that the plaintiff has not pleaded." *Vidurek v. Pollen*, No. 20-CV-6714 (CS), 2021 WL 4066503, at *7 (S.D.N.Y. Sept. 7, 2021) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)).

Here, Plaintiff's claims rest on vague spiritual, reputational, and ceremonial injuries supposedly arising from Akpinar's decision to file a divorce action against her spouse, who Plaintiff claims is the medicine man of her alleged tribe. Without more than these threadbare assertions, a defense for failure to state a claim under Rule 12(b)(6) is at the very least "meritorious." *See Twombly*, 550 U.S. at 558.

Accordingly, this factor weighs in favor of granting Gemelli's motion.

## **CONCLUSION**

For the foregoing reasons, Gemelli's motion to set aside default (ECF No. 48) is **GRANTED**. Accordingly, Gemelli is directed to answer, move, or otherwise respond to the Complaint within the time period mandated by the Federal Rules of Civil Procedure.

Dated: Central Islip, New York
       July 24, 2025

                                                  **S O   O R D E R E D:**

                                         /s/ *James M. Wicks*
                                            JAMES M. WICKS
                                        United States Magistrate Judge