UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
QUEEN MOTHER HOPE A. YZRYAHL,

        Plaintiff,

v.

PATRICIA FIGUCCIO, et al.,

        Defendants.
-----------------------------------------------------------------X

**MEMORANDUM AND ORDER**
25-CV-00474-SJB-JMW

**BULSARA, United States District Judge:**

Pro se Plaintiff Queen Mother Hope A. Yzryahl ("Yzryahl") commenced this action in January 2025. (Compl. dated Jan. 23, 2025 ("Compl."), Dkt. No. 1 at 21). Since then, several Defendants have appeared and filed requests for premotion conferences to dismiss the Complaint. (Mot. for Premot. Conf. by Nassau County Dep't of Soc. Servs. dated Mar. 18, 2025, Dkt. No. 10 at 1; Mot. for Premot. Conf. by Ayse Akpinar dated June 23, 2025, Dkt. No. 45 at 1; Mot. for Premot. Conf. by John A. Gemelli dated July 29, 2025, Dkt. No. 56 at 1). Yzryahl asserts claims on behalf of a separate entity, the Coalition of Indigenous Peoples—High Council ("the Coalition"), (Compl. at 1), and does not allege any concrete injury to Yzryahl herself. Additionally, each claim in the Complaint is a purely state law cause of action: "Fraud Upon the [State] Court" and "Malfeasance." (Compl. at 17, 19). As explained below, the Complaint is dismissed without prejudice for lack of subject matter jurisdiction.

"Before deciding any case on the merits, a district court must determine that it

has subject matter jurisdiction over the matter," *Humphrey v. Syracuse Police Dep't*, 758 F. App'x 205, 205–06 (2d Cir. 2019), including cases brought by pro se complainants. *E.g., Chestnut v. Wells Fargo Bank, N.A.*, No. 11-CV-5369, 2012 WL 1657362 at *2–*3, *5 (E.D.N.Y. May 7, 2012) (dismissing claim brought by pro se litigant because the court lacked subject matter jurisdiction). Thus, "[n]otwithstanding the liberal pleading standard afforded *pro se* litigants, federal courts are courts of limited jurisdiction and may not preside over cases if subject matter jurisdiction is lacking." *Id.* at *3 (citing *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700–01 (2d Cir. 2000)). "It is well-settled that the party asserting federal jurisdiction bears the burden of establishing jurisdiction." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 57 (2d Cir. 2006).

"Article III limits federal judicial power to 'Cases' and 'Controversies,' and standing to sue 'limits the category of litigants empowered to maintain a lawsuit in federal court to seek redress for a legal wrong[.]'" *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 92 (2d Cir. 2019) (quoting *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016)). Like all subject matter issues, standing can be raised sua sponte. *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005).[1]

---

[1] Though these issues can be raised sua sponte, they were also the subject of premotion requests. Yzryahl had an opportunity to respond to these requests, and did so with two of them, but neither response addresses standing or diversity jurisdiction with any relevant law. (*See generally* Resp. in Opp'n dated Apr. 21, 2025, Dkt. No. 28; Yzryahl Decl. dated July 8, 2025, Dkt. No. 53). Because Yzryahl's responses fail to support her claims, the Court deems the Rule 12 motions as made and grants them. *Kowalchuck v. Metro. Transp. Auth.*, 94 F.4th 210 (2d Cir. 2024) (the Second Circuit has "occasionally affirmed the granting of dispositive motions without full briefing . . . only

2

"The party seeking to invoke the jurisdiction of the court bears the burden of establishing that he has met the requirements of standing." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997); *see also Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). "[T]o survive a defendant's motion to dismiss for lack of subject matter jurisdiction [under Rule 12(b)(1)], a plaintiff must allege facts 'that affirmatively and plausibly suggest that it has standing to sue.'" *Brady v. Basic Rsch., L.L.C.*, 101 F. Supp. 3d 217, 227 (E.D.N.Y. 2015) (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011)); *see also Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016). But "[w]hen the Rule 12(b)(1) motion is facial, *i.e.*, based solely on the allegations of the complaint or the complaint and exhibits attached to it," a plaintiff is not required to come forth with evidence supporting her assertion of standing. *Carter*, 822 F.3d at 56. The plaintiff has, at this stage, no evidentiary burden. *Id.* "[T]he court must accept as true all material factual allegations in the complaint and refrain from drawing inferences in favor of the party contesting jurisdiction." *Zirogiannis v. Seterus, Inc.*, 221 F. Supp. 3d 292, 297 (E.D.N.Y. 2016) (quotations and citation omitted), *aff'd*, 707 F. App'x 724, 729 (2d Cir. 2017).

To establish standing, a plaintiff must plead, and ultimately prove, that she has "suffered an injury in fact—a concrete and imminent harm to a legally protected interest, like property or money—that is fairly traceable to the challenged conduct and likely to be redressed by the lawsuit." *Biden v. Nebraska*, 600 U.S. 477, 489 (2023) (citing

---

when the issues were predominantly legal and the complaint had substantial deficiencies[.]" (quotations and citation omitted)).

*Lujan*, 504 U.S. at 560–61).  These elements are the "irreducible constitutional minimum of standing."  *Lujan*, 504 U.S. at 560.  "Supplementing these constitutional requirements," there is a "prudential doctrine of standing" that encompasses "several judicially self-imposed limits on the exercise of federal jurisdiction."  *United Food & Com. Workers Union Loc. 751 v. Brown Grp., Inc.*, 517 U.S. 544, 551 (1996); *see also Kowalski v. Tesmer*, 543 U.S. 125, 128 (2004) ("The doctrine of standing asks whether a litigant is entitled to have a federal court resolve his grievance.  This inquiry involves both constitutional limitations on federal-court jurisdiction and prudential limitations on its exercise." (quotations and citation omitted)).  There are three "broad" categories of "prudential standing" rules.  *Lexmark Int'l, Inc. v. Static Control Components, Inc.*, 572 U.S. 118, 126 (2014).  The one relevant here is the third-party rule: the bar on a litigant from "raising another person's legal rights."  *Id.* (quotations omitted).[2]  A litigant "generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties."  *Warth v. Seldin*, 422 U.S. 490, 499 (1975); *see also Keepers, Inc. v. City of Milford*, 807 F.3d 24, 39 (2d Cir. 2015).

   Yzryahl's claims are solely predicated on alleged injury to the Coalition—specifically, a trust operated by the Coalition.  (*See, e.g.*, Compl. ¶¶ 22–23).  The claims center around an alleged "unlawful equitable claim against [the Trust]" in state court (Count I for Fraud Upon the Court), (Compl. ¶ 54), and allege that Defendants

---

[2] The second is the "rule barring adjudication of generalized grievances," and the third is "the requirement that a plaintiff's complaint fall within the zone of interests protected by the law invoked."  *Lexmark*, 572 U.S. at 126 (quotations and citation omitted).

4

"misappropriated funds" of the Trust (Count II for Malfeasance). (Compl. ¶ 61). Yzryahl cannot assert the claims of harm to this third-party organization as her own, even if she is a member of either the Coalition or trustee of the Trust. *See, e.g., Karkare ex rel. JN v. Int'l Ass'n of Bridge, Structural, Ornamental & Reinforcing Iron Workers Loc. 580*, 140 F.4th 60, 65 (2d Cir. 2025) ("[Plaintiff] does not have standing to assert claims for any injuries suffered by that corporate entity, even if he was personally aggrieved by the Union's conduct and may have faced the risk of financial loss as a result." (quotations and citation omitted)).

There is a related but equally dispositive problem. Even if Yzryahl could overcome the third-party bar, Yzryahl cannot bring the lawsuit. "[A] person who is not an attorney and is not represented by an attorney 'may not appear on another person's behalf in the other's cause.'" *Chailla v. Navient Dep't of Educ.*, 791 F. App'x 226, 229 (2d Cir. 2019) (quoting *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998)); *Lattanzio v. COMTA*, 481 F.3d 137, 139 (2d Cir. 2007) ("[28 U.S.C. § 1654] does not permit unlicensed laymen to represent anyone else other than themselves." (quotations and citation omitted)).[3] Yzryahl cannot proceed pro se on behalf of the Consortium *or* the Trust. *E.g., Randy Laquawn Williams Tr. v. Fitzpatrick*, No. 18-CV-00139, 2018 WL 3121610, at *1 (N.D.N.Y. Mar. 30, 2018) ("[T]he law would not allow [the trustee] to represent the Trust, because as a non-lawyer [the trustee] can only represent himself. Therefore, even

---

[3] The statute provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."

if [the trustee] were himself to sue as trustee on behalf of the Trust, he would be required to be represented by counsel.") (citation omitted), *report and recommendation adopted*, 2018 WL 1891308 (Apr. 19, 2018).

There is an independent subject matter jurisdiction problem as well. Yzryahl alleges diversity as the basis for jurisdiction for her two common law claims. (Compl. ¶ 1). Section 1332(a)(1) provides that, for a federal court to exercise diversity jurisdiction, the suit must be among "citizens of different States." 28 U.S.C. § 1332(a)(1). This is a "complete" diversity requirement; that is, "[d]iversity is not complete if any plaintiff is a citizen of the same state as any defendant." *St. Paul Fire & Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80 (2d Cir. 2005).

But the parties were not diverse when Yzryahl filed the Complaint: Yzryahl resided in New York, as did all of the Defendants. (Compl. ¶¶ 7–11). Although Yzryahl did not state her domicile in the Complaint, her mailing address was in New York, (*id.* ¶ 7), and in a related complaint brought in the same district, she wrote that the case could "be adjudicated in the federal District Court where the Plaintiff lives and the Tribal council she sits upon convenes." (*Yzryahl v. Turchin*, No. 24-CV-8100 (E.D.N.Y.), Compl. dated Nov. 18. 2024, Dkt. No. 1 at 4, ¶ 5). The Court draws the reasonable inference, therefore, that Yzryahl is a citizen of New York for the purposes of determining the presence, or lack thereof, of diversity. And with all Defendants being citizens of New York, there is no complete diversity and no subject matter jurisdiction.

The Complaint is therefore dismissed without prejudice for lack of subject matter jurisdiction. *See Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–

6

31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction)[.]").[4]

The requests for premotion conferences are deemed as making the motions for dismissal, and are granted. *See supra* n.1. Accordingly, the Clerk of Court is directed to close this case. The Clerk of Court is also directed to mail a copy of this Order to Plaintiff Yzryahl and note such mailing on the docket.

SO ORDERED.

*/s/ Sanket J. Bulsara    August 28, 2025*
SANKET J. BULSARA
United States District Judge

Date:  August 28, 2025
       Central Islip, New York

---

[4] Yzryahl has brought claims nearly identical to those in earlier actions by Juan-Jose Brookins, who also signed an affidavit for this Complaint. (Compl. ¶ 18). Those cases were similarly dismissed for attempting to represent a third party (specifically, the same Trust here) without a licensed attorney. *See Brookins v. Figuccio*, Nos. 22-CV-0891 and 23-CV-4429, 2024 WL 245327 (E.D.N.Y. Jan. 23, 2024), *aff'd sub nom.*, *Brookins v. Blodnick*, No. 24-359, 2025 WL 1554836 (2d Cir. June 2, 2025). "[D]istrict courts 'may impose sanctions, including restrictions on future access to the judicial system' when a 'litigant has a history of filing vexatious, harassing or duplicative lawsuits,'" even on pro se litigants. *Woodhouse v. Meta Platforms Inc.*, 704 F. Supp. 3d 502, 513–14 (S.D.N.Y. 2023) (quoting *Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005)). Yzryahl is warned that filing additional frivolous lawsuits that repeat the allegations of dismissed cases may lead to the Court imposing a bar on her ability to file additional lawsuits.